UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P81-M

JACK E. HOWTON                                                                                       PLAINTIFF

v.

MARKUS ANDERSON *et al.*                                                                DEFENDANTS

**MEMORANDUM OPINION**

The plaintiff, Jack E. Howton, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to state a cognizable claim, the court will dismiss this action.

**I. SUMMARY OF CLAIMS**

The plaintiff is a pretrial detainee currently incarcerated at the Henderson County Detention Center. He initiated this civil rights action against Kirk Steward, an agent with the Bureau of Alcohol, Tobacco, and Firearms, and Markus Anderson, an agent with the Drug Enforcement Agency.

In 2003, the plaintiff was arrested in Kansas for unspecified crimes. He claims that Trooper Rule (presumably a law enforcement officer in Kansas) continued to question him notwithstanding the fact that the plaintiff had invoked his *Miranda* rights. He must have been released by the Kansas authorities because he claims that six days later on September 29, 2003, Agent Steward presented him with invalid arrest and search warrants after which he was unlawfully arrested and his home searched.

On February 8, 2004, the plaintiff claims that he was transported to Bowling Green, Kentucky, where he met with his attorney and the defendants. His attorney explained that he, the plaintiff, was making a "proffer" and could answer the agents' questions without fear that the statements would be used against him. He claims when his attorney stepped out of the room, the agents continued to question him. He claims these actions violated his Sixth Amendment right to counsel for which he seeks money damages and a "reparative injunction."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

In undertaking the analysis of the plaintiff's claims, this court takes notice of the fact that the United States is currently prosecuting this plaintiff before this court. *See United States v. Howton*, Criminal Action No. 4:03CR-35-M. In the criminal case, this court denied Mr. Howton's motion to suppress evidence obtained from the traffic stop in Kansas and statements made to these defendants following his arrest in which he argued that the evidence was obtained in violation of the Fourth Amendment and that his statements were elicited in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id.* at DN 61. On September 19, 2005, this court will try Howton on charges related to *inter alia* the distribution of a controlled substance, unlawful possession and transportation of firearms, and intimidation or use of force against a witness.

Turning to the case under consideration here, to the extent that the plaintiff seeks to hold the defendants liable for alleged violations of his Sixth Amendment right to counsel as a result of their interrogation of him, the court concludes that the plaintiff failed to state a cognizable claim in light of *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

>sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

The Sixth Circuit has applied *Heck* to similar claims brought by pretrial detainees, opining that they must establish that a decision in their favor would not imply the invalidity of a future conviction. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999) (applying *Heck* to a pretrial detainee's claim seeking damages for an alleged illegal search and seizure in violation of the Fourth Amendment); *see also Adams v. Morris*, No. 03-5413, 90 Fed. Appx. 856 (6th Cir. Jan. 29, 2004) (applying *Heck* to a pretrial detainee's alleged violation of his Sixth Amendment right to counsel). As the Ninth Circuit eloquently noted:

>A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.

*Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000) (quoting *Smith v. Holtz,* 87 F.3d 108, 113 (3d Cir. 1996)).

The plaintiff's challenges strike at the very heart of a potential criminal conviction. Thus, applying *Heck* and its progeny to the case at bar, the court concludes *Heck* bars his claims that the defendants violated his Sixth Amendment right to counsel. Nowhere has he alleged that a decision in his favor on these claims would not imply the invalidity of a future conviction.

4

Because Plaintiff failed to meet the requirements set forth in *Heck*, his claims are not ripe for review. *Heck*, 512 U.S. at 483. Accordingly, the court will dismiss these claims for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

  The court will enter an order consistent with this memorandum opinion.

Date:

cc: Plaintiff, *pro se*
   Defendants
   4414.002